BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
DENNIS J. HANNA
Special Assistant United States Attorney

    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8962
    Facsimile: (415) 977-8873
    Email:  Dennis.Hanna@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**FRESNO DIVISION**

| | |
|---|---|
| PATRICIA AYALA, | Case No. 1:12-cv-00433-BAM |
|     Plaintiff, | STIPULATION AND ORDER TO REOPEN AND ENTER JUDGMENT FOR PLAINTIFF |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
|     Defendant.[1] | |

    The parties hereby stipulate, through their undersigned attorneys, and with the approval of the Court, that this case shall be reopened for the purpose of entering judgment for Plaintiff.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On August 6, 2012, pursuant to the stipulation of the parties, this Court remanded the instant case to the Commissioner for a new hearing (Doc. 14).  The parties stipulated to remand this case because Defendant was unable to prepare the certified administrative record due to the fact that portions of the recording of the prior administrative hearing were inaudible and the record contained evidence pertaining to another claimant.  On September 20, 2013, an administrative law judge issued a fully favorable decision in Plaintiff's case.

Now that the administrative proceedings have concluded, reopening is necessary.  In a sentence-six remand case, the Court retains jurisdiction following the remand.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C. D. Cal. 1992) (*paraphrasing and quoting Melkonyan*).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction.  Upon reopening, the parties stipulate that judgment should be entered for Plaintiff.

//
//
//

Respectfully submitted,

Dated: *November 19, 2013*          LAW OFFICES OF LAWERENCE D. ROHLFING

By: /s/ *Dennis J. Hanna for Young Cho\**
*\*As authorized by email on Nov. 19, 2013*
YOUNG CHO
Attorney for Plaintiff

Dated: *November 19, 2013*          BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration

By: /s/ *Dennis J. Hanna*
DENNIS J. HANNA
Special Assistant U. S. Attorney
Attorneys for Defendant

### ORDER

Pursuant to Stipulation of the parties (Doc. 16), it is hereby ORDERED that this action is reopened and judgment be entered in favor of Plaintiff Patricia Ayala and against defendant.

IT IS SO ORDERED.

Dated:   **November 22, 2013**              /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE